UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>v.<br><br>ROBERT J. FABBRICATORE, KATHERINE D. COURAGE, HENRY HERMANN, KEVIN NEE, KEVIN J. MARONI, J. RICHARD MURPHY, ROBERT NICHOLSON, MARK E. NUNNELLY, CARL REDFIELD, RICHARD J. SANTAGATI, RALPH C. SILLARI, SCOTT M. SPERLING, and RALPH S. TROUPE,<br><br>              Defendants. | CIVIL ACTION NO. 05-CV-10104 NMG |

## THIRD JOINT MOTION TO STAY PROCEEDINGS

All parties, by and through the undersigned counsel, hereby jointly move to continue to stay these proceedings pending resolution of a pending Motion to Dismiss in a related matter. As grounds for this motion, the parties state as follows:

1.    On January 14, 2005, XL Specialty Insurance Company ("XL"), filed its Complaint for Declaratory Judgment ("Complaint") in this action.

2.    On January 18, 2005, XL filed its First Amended Complaint for Declaratory Judgment ("Amended Complaint"). In its Amended Complaint, XL seeks a declaratory judgment that there is no insurance coverage with respect to an adversary proceeding filed against the defendants and others in the United States Bankruptcy Court for the District of Delaware ("the Underlying Action").

3.    Pursuant to Fed. R. Civ. P. 12(b)(6), defendants Katherine D. Courage, Henry Hermann, Kevin J. Maroni, J. Richard Murphy, Robert Nicholson, Mark E. Nunnelly, Richard J.

Santagati, Ralph C. Sillari, Scott M. Sperling, and Ralph S. Troupe (the "Outside Director Defendants") filed a Motion to Dismiss the claims asserted against them in the Underlying Action.

4. On February 22, 2005, the United States Bankruptcy Court for the District of Delaware ordered that the Underlying Action be transferred to the United States Bankruptcy Court for the District of Massachusetts.

5. On July 19, 2005, the Underlying Action was transferred to the United States District Court for the District of Massachusetts. The Original Complaint in the Underlying Action was re-filed in the United States Bankruptcy Court for the District of Massachusetts on July 20, 2005.

6. Plaintiffs then filed an Amended Complaint in the Underlying Action on November 22, 2005. The Amended Complaint in the Underlying Action did not name Outside Director Defendants Mark E. Nunnelly and Kevin Nee as Defendants and no longer included allegations against them.

7. On January 11, 2006, the United States Bankruptcy Court for the District of Massachusetts issued an Order denying the Motion to Dismiss the Underlying Action without prejudice due to the filing of the Amended Complaint in the Underlying Action. The January 11 Order also gave the remaining Outside Director Defendants until January 24, 2006 to answer or otherwise respond to the Amended Complaint in the Underlying Action. Attached hereto as Exhibit A is a true and accurate copy of the January 11 Order.

8. On January 23, 2006, the remaining Outside Director Defendants filed a Motion to Dismiss All Claims Asserted Against them in the Amended Complaint. Plaintiffs have until February 17, 2006 to file their Opposition briefs. The remaining Outside Director Defendants

will then have until March 3, 2006 to file a Reply brief. A hearing on the Motion to Dismiss has been scheduled for March 16, 2006. Attached hereto as Exhibit B is a true and accurate copy of the Notice for that Hearing.

9. If the Motion to Dismiss is allowed, the Underlying Action will be dismissed with respect to the remaining Outside Director Defendants. In the absence of the Underlying Action, the remaining Outside Director Defendants would not seek Defense Costs or other coverage from XL in connection with that lawsuit. Accordingly, there would be no case or controversy between XL and these ten defendants.

10. Because the pending Motion to Dismiss may resolve this matter for the majority of defendants in this case, the parties agree that this matter will proceed most efficiently if it is further stayed pending resolution of the Motion to Dismiss the Underlying Action or for an additional 120 days, whichever is earlier.

11. The stay sought by this motion would extend two previous stays granted by this Court. On March 18, 2005, the parties filed their First Joint Motion to Stay Proceedings pending resolution of the Motion to Dismiss the Underlying Action or for 120 days, whichever is earlier. The Court granted the motion on June 16, 2005. The First Stay expired before the Motion to Dismiss the Underlying Action was resolved. Accordingly, on October 19, 2005, this Court extended that Stay an additional 120 day or until the Motion to Dismiss the Underlying Action was resolved. The issues set forth in the Motion to Dismiss remain unresolved. For the reasons set forth in Paragraph 10, therefore, we respectfully request that this matter be further stayed pending resolution of the Motion to Dismiss All Claims Asserted Against the Defendants in the Amended Complaint or for an additional 120 days, whichever is earlier.

**********************

WHEREFORE, the parties respectfully request that this Court enter the attached Order (attached hereto as Exhibit C), staying this matter and grant such further relief as the Court deems proper.

Dated: February 17, 2006

| | |
|---|---|
| XL SPECIALITY INSURANCE COMPANY<br>By its counsel, | ROBERT J. FABBRICATORE and KEVIN NEE<br>By their counsel, |
| /s/ Gregory P. Deschenes<br>Deborah L. Thaxter (BBO# 495520)<br>Gregory P. Deschenes (BBO# 550830)<br>Nixon Peabody, LLP<br>101 Federal Street<br>Boston, MA 02110<br>(617) 345-1000 | /s/ Paul M. Glickman<br>Paul M. Glickman (BBO# 550840)<br>Glickman Turley, LLP<br>250 Summer Street<br>Boston, MA 02110<br>(617) 399-7770 |
| David J. Standish (admitted *pro hac vice*)<br>David H. Topol (admitted *pro hac vice*)<br>Wiley Rein & Fielding LLP<br>1776 K Street, NW<br>Washington, DC 20006<br>(202) 719-7000 | ROBERT NICHOLSON, KEVIN J. MARONI and MARK NUNNELLY<br>By their counsel,<br><br>/s/ Steven D. Morris<br>Steven M. Cowley (BBO# 554534)<br>Steven D. Morris (BBO# 645093)<br>Edwards Angell Palmer & Dodge, LLP<br>111 Huntington Avenue<br>Boston, MA 02199-7613<br>(617) 239-0100 |
| | RICHARD J. SANTAGATI, J. RICHARD MURPHY, HENRY HERMANN, RALPH C. SILLARI and RALPH S. TROUPE,<br>By their counsel,<br><br>/s/ Matthew N. Kane<br>T. Christopher Donnelly (BBO# 129930)<br>Matthew N. Kane (BBO# 636801)<br>Jill Brenner Meixel (BBO# 652501)<br>Donnelly, Conroy & Gelhaar LLP<br>One Beacon Street, 33rd Floor<br>Boston, MA 02108<br>(617) 720-2880 |

- 5 -

        SCOTT M. SPERLING and KATHERINE D. COURAGE,
        By their counsel,

        /s/ Diane Harvey
        Diane Harvey
        Weil Gotshal & Manges LLP
        767 Fifth Avenue
        New York, NY 10153
        (212) 310-8000

        CARL REDFIELD,
        By his counsel,

        /s/ James Beha
        James Beha
        Winston & Strawn LLP
        200 Park Avenue
        New York, NY 10166
        (212) 294-6842

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>CTC COMMUNICATIONS GROUP, INC., et al.,<br><br>Debtors<br><br>—————————————————<br><br>THE CTC LITIGATION TRUST,<br><br>Plaintiff<br><br>v.<br><br>ROBERT J. FABBRICATORE, KATHERINE D. COURAGE, et al.,<br><br>Defendants | Chapter 11<br>Case No. 02-12873-PJW<br>(District of Delaware)<br><br><br><br><br><br>Adversary Proceeding<br>No. 05-1441-RS |

## ORDER

The Court hereby ORDERS as follows:

1. In view of the Plaintiff's recent amendment of the complaint, the Court hereby denies without prejudice the following motions:

    a. CTC Outside Directors' Motion to Dismiss All Claims Asserted Against Them in Complaint;

    b. Motion by Carl Redfield to Dismiss All Claims Asserted Against Him in Complaint; and

    c. Defendant UBS Paine Webber RMA's Motion to Dismiss the Complaint or, In the Alternative, For a More Definite Statement.

2. On or before January 23, 2006, the defendants shall answer or otherwise respond to the Amended Complaint. The Court will not entertain motions to dismiss filed after that date.

3. On or before February 17, 2006, the Plaintiff shall respond to any motion to dismiss that is filed in accordance with paragraph 2 above.

4. On or before March 3, 2006, the defendants may file reply briefs.

5. The Court will set the motions for hearing only after they are filed.

6. If, in a motions to dismiss filed in accordance with paragraph 2 above, a defendant asks the Court to dismiss certain counts on a basis other than lack of subject matter jurisdiction, then the Court will have to determine whether it has authority under 28 U.S.C. § 157(b) or (c)(2) to enter final orders on the counts in question, and not merely authority under § 157(c)(1) to enter proposed conclusions of law on such counts. 28 U.S.C. § 157(b)(3). To that end, each defendant who is a proponent of such a motion shall in such motion, and the Plaintiff shall in its response to any such motion, state the following:

   a. as to each count that is the subject of the motion, whether that count is a core proceeding at to each defendant and why;[1] and

   b. whether the defendant (or the plaintiff, as the case may be) consents under 28 U.S.C. § 157(c)(2) to this Court's determining and entering appropriate orders and judgment as to any count that this Court may determine is not a core proceeding. (Parties should answer this requirement even if they take the position that a particular count is a core proceeding.)

7. Discovery is stayed pending adjudication of any motion to dismiss that is filed in accordance with paragraph 2 above.

8. The Plaintiff shall promptly give notice of this order to all parties and file a certificate of such service.

Date: January 11, 2006

*Robert Somma*
Robert Somma
United States Bankruptcy Judge

cc: Thomas G. Hoffman, Esq., for Plaintiff

---

[1] With respect to a given count, each defendant need answer this requirement only insofar as the count in question concerns that defendant. However, because a count may be core as to one defendant but non-core as to another, the Plaintiff should answer this question as to each defendant whom the count concerns.

2

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: | CTC Communications Group, Inc., et al | Related Bankruptcy Case:<br>Chapter 11 |
| | Debtor, | Judge Robert Somma |
| | The CTC Litigation Trust | Adversary Proceeding: 05−01441 |
| | Plaintiff | |
| | vs. | |
| | Katherine D. Courage, et al | |
| | Defendant | |

NOTICE OF RESCHEDULED NONEVIDENTIARY HEARING

PLEASE TAKE NOTICE that a hearing will be held on **3/16/06 at 10:00 AM** before the Honorable Judge Robert Somma , Courtroom 4, 10 Causeway Street, 1101 O'Neill Federal Building, Boston, MA 02222 to consider the following:

> [192] Motion filed by Defendants Henry Hermann, J. Richard Murphy, Richard J. Santagati, Ralph C. Sillari, Ralph J. Troupe to Dismiss Adversary Proceeding
>
> [195] Motion filed by CTC Outside Directors Katherine D. Courage, Henry Hermann, Kevin J. Maroni, J. Richard Murphy, Robert Nicholson, Carl Redfield, Richard J. Santagati, Ralph C. Sillari, Scott M. Sperling, Ralph J. Troupe to Dismiss Claim Asserted against them in the Amended Complaint

OBJECTION/RESPONSE DEADLINE:
(If left blank, response deadline shall be governed by the Local Rules.)

THE MOVING PARTY IS RESPONSIBLE FOR:

1. Serving a copy of this notice upon all parties entitled to notice forthwith; and

2. Filing a certificate of service with respect to this notice (7) days after the date of issuance set forth below. If the hearing date is less than (7) days from the date of issuance, the certificate of service must be filed no later than the time of the hearing. **If the movant fails to timely file a certificate of service, the court may deny the motion without a hearing.**

NOTICE TO ALL PARTIES SERVED:

1. **<u>Your rights may be affected.</u>** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

2. Any request for a continuance **MUST** be made by **WRITTEN MOTION** . (See MLBR 5071−1)

3. The above hearing shall be <u>nonevidentiary</u> . If, in the course of the nonevidentiary hearing, the court determines the existence of a disputed and material issue of fact, the court will schedule a further evidentiary hearing. <u>If this is a hearing under section 362</u> , it will be a consolidated preliminary and final nonevidentiary hearing unless at the conclusion thereof the court sets down an evidentiary hearing.

4. Deadlines to file an objection or response shall be governed by the Local Rules, unless otherwise ordered by the Court. If no objection is timely filed, the Court, in its discretion, may cancel the hearing and rule on the motion without a hearing or further notice. [See MLBR 9013−1(f)].

Date:1/26/06                                                                                                    By the Court,

<u>Regina Brooks</u>
Deputy Clerk
617–565–5280

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>v.<br><br>ROBERT J. FABBRICATORE, KATHERINE D. COURAGE, HENRY HERMANN, KEVIN NEE, KEVIN J. MARONI, J. RICHARD MURPHY, ROBERT NICHOLSON, MARK E. NUNNELLY, CARL REDFIELD, RICHARD J. SANTAGATI, RALPH C. SILLARI, SCOTT M. SPERLING, and RALPH S. TROUPE,<br><br>              Defendants. | CIVIL ACTION NO. 05-CV-10104 NMG |

### [PROPOSED] ORDER

The parties' Third Joint Motion to Stay Proceedings is hereby ***ALLOWED***. This matter will therefore by stayed; (i) pending resolution of the pending Motion to Dismiss All Claims Asserted Against the Defendants in the Amended Complaint filed in the United States Bankruptcy Court for the District of Massachusetts ("the Underlying Action"); or (ii) for a period of 120 days from entry of this Order, whichever is earlier. This stay will be automatically lifted upon notice to this Court of a decision on the pending motion to dismiss or after 120 days, whichever is earlier. The Defendants shall file responsive pleadings or the parties shall file a stipulation of dismissal, as appropriate, within twenty (20) days of the expiration of this stay.

Date:

                                                Hon. Nathaniel M. Gorton
                                                United States District Judge