UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

XL SPECIALTY INSURANCE
COMPANY,

Plaintiff,

v.

ROBERT J. FABBRICATORE,
KATHERINE D. COURAGE, HENRY
HERMANN, KEVIN NEE, KEVIN J.
MARONI, J. RICHARD MURPHY,
ROBERT NICHOLSON, MARK E.
NUNNELLY, CARL REDFIELD,
RICHARD J. SANTAGATI, RALPH C.
SILLARI, SCOTT M. SPERLING, and
RALPH S. TROUPE ,

Defendants.

CIVIL ACTION NO. 05-CV-10104 NMG

## FOURTH JOINT MOTION TO STAY PROCEEDINGS

All parties, by and through the undersigned counsel, hereby jointly move to continue to
stay these proceedings pending resolution of a pending Motion to Dismiss in a related matter.
As grounds for this motion, the parties state as follows:

1.     On January 14, 2005, XL Specialty Insurance Company ("XL"), filed its
Complaint for Declaratory Judgment ("Complaint") in this action.

2.     On January 18, 2005, XL filed its First Amended Complaint for Declaratory
Judgment ("Amended Complaint").  In its Amended Complaint, XL seeks a declaratory
judgment that there is no insurance coverage with respect to an adversary proceeding filed
against the defendants and others in the United States Bankruptcy Court for the District of
Delaware ("the Underlying Action").

3.     Pursuant to Fed. R. Civ. P. 12(b)(6), defendants Katherine D. Courage, Henry
Hermann, Kevin J. Maroni, J. Richard Murphy, Robert Nicholson, Mark E. Nunnelly, Richard J.

Santagati, Ralph C. Sillari, Scott M. Sperling, Ralph S. Troupe and Carl Redfield (the "Outside Director Defendants") filed a Motion to Dismiss the claims asserted against them in the Underlying Action.[1]

4.    On February 22, 2005, the United States Bankruptcy Court for the District of Delaware ordered that the Underlying Action be transferred to the United States Bankruptcy Court for the District of Massachusetts.

5.    On July 19, 2005, the Underlying Action was transferred to the United States District Court for the District of Massachusetts. The Original Complaint in the Underlying Action was re-filed in the United States Bankruptcy Court for the District of Massachusetts on July 20, 2005.

6.    Plaintiffs then filed an Amended Complaint in the Underlying Action on November 22, 2005. The Amended Complaint in the Underlying Action did not name Outside Director Defendants Mark E. Nunnelly and Kevin Nee as Defendants and no longer included allegations against them.

7.    On January 11, 2006, the United States Bankruptcy Court for the District of Massachusetts issued an Order denying the Motion to Dismiss the Underlying Action without prejudice due to the filing of the Amended Complaint in the Underlying Action. The January 11 Order also gave the remaining Outside Director Defendants until January 24, 2006 to answer or otherwise respond to the Amended Complaint in the Underlying Action. Attached hereto as Exhibit A is a true and accurate copy of the January 11 Order.

8.    On January 23, 2006, the remaining Outside Director Defendants filed a Motion to Dismiss All Claims Asserted Against them in the Amended Complaint. On February 21, 2006, Plaintiffs filed their Opposition briefs. On March 6, 2006, the remaining Outside Director

---

[1] Carl Redfield joined the Motion to Dismiss subsequent to its initial filing.

BOS_545509_1/SMORRIS

Defendants filed their Reply brief. A hearing on the Motion to Dismiss was held on March 16, 2006. To date, there has been no ruling on the Motion to Dismiss.

9.      If the Motion to Dismiss is allowed, the Underlying Action will be dismissed with respect to the remaining Outside Director Defendants. In the absence of the Underlying Action, the remaining Outside Director Defendants would not seek Defense Costs or other coverage from XL in connection with that lawsuit. Accordingly, there would be no case or controversy between XL and these ten defendants.

10.     Because the pending Motion to Dismiss may resolve this matter for the majority of defendants in this case, the parties agree that this matter will proceed most efficiently if it is further stayed pending resolution of the Motion to Dismiss the Underlying Action or for an additional 120 days, whichever is earlier.

11.     The stay sought by this motion would extend three previous stays granted by this Court. On March 18, 2005, the parties filed their First Joint Motion to Stay Proceedings pending resolution of the Motion to Dismiss the Underlying Action or for 120 days, whichever is earlier. The Court granted the motion on June 16, 2005. The First Stay expired before the Motion to Dismiss the Underlying Action was resolved. Accordingly, on October 19, 2005, this Court extended that Stay an additional 120 days or until the Motion to Dismiss the Underlying Action was resolved. The Second Stay also expired before the Motion to Dismiss the Underlying Action was resolved. Accordingly, on April 4, 2006, this Court extended that Stay an additional 120 days or until the Motion to Dismiss the Underlying Action was resolved. The issues set forth in the Motion to Dismiss remain unresolved. For the reasons set forth in Paragraph 10, therefore, we respectfully request that this matter be further stayed pending resolution of the

BOS_545509_1/SMORRIS

Motion to Dismiss All Claims Asserted Against the Defendants in the Amended Complaint or for an additional 120 days, whichever is earlier.

**********************

WHEREFORE, the parties respectfully request that this Court enter the attached Order (attached hereto as Exhibit B), staying this matter and grant such further relief as the Court deems proper.

Dated:  July 28, 2006

XL SPECIALITY INSURANCE COMPANY
By its counsel,


 /s/ Gregory P. Deschenes
Deborah L. Thaxter (BBO# 495520)
Gregory P. Deschenes (BBO# 550830)
Nixon Peabody, LLP
101 Federal Street
Boston, MA  02110
(617) 345-1000


David J. Standish (admitted *pro hac vice*)
David H. Topol (admitted *pro hac vice*)
Wiley Rein & Fielding LLP
1776 K Street, NW
Washington, DC 20006
 (202) 719-7000

ROBERT J. FABBRICATORE and KEVIN NEE
By their counsel,


 /s/ Paul M. Glickman
Paul M. Glickman (BBO# 550840)
Glickman Turley, LLP
250 Summer Street
Boston, MA  02110
(617) 399-7770


ROBERT NICHOLSON, KEVIN J. MARONI and MARK NUNNELLY
By their counsel,


 /s/ Steven D. Morris
Steven M. Cowley (BBO# 554534)
Steven D. Morris (BBO# 645093)
Edwards Angell Palmer & Dodge, LLP
111 Huntington Avenue
Boston, MA 02199-7613
(617) 239-0100

BOS_545509_1/SMORRIS

RICHARD J. SANTAGATI, J. RICHARD
MURPHY, HENRY HERMANN, RALPH C.
SILLARI and RALPH S. TROUPE,
By their counsel,


 /s/ Matthew N. Kane
T. Christopher Donnelly (BBO# 129930)
Matthew N. Kane (BBO# 636801)
Jill Brenner Meixel (BBO# 652501)
Donnelly, Conroy & Gelhaar LLP
One Beacon Street, 33rd Floor
Boston, MA  02108
(617) 720-2880

SCOTT M. SPERLING and KATHERINE D.
COURAGE,
By their counsel,


 /s/ James L. Messenger
James L. Messenger (BBO# 547236)
Weil Gotshal & Manges LLP
100 Federal Street
Floor 34
Boston, MA 02110
(617) 772-8300
        -and-
Diane Harvey
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

BOS_545509_1/SMORRIS

CARL REDFIELD,
By his counsel,

/s/ David Honig
Richard Rosenweig (BBO# 639547)
Peter D. Bilowz (BBO# 651383)
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA 02110
(617) 482-1776
-and-
David Honig (admitted *pro hac vice*)
Winston & Strawn LLP
101 California Street, Suite 3900
San Francisco, CA 94111
(415) 591-1423

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

**In re**

**CTC COMMUNICATIONS GROUP. INC.,**
   et al.,

                   **Debtors**

---

**THE CTC LITIGATION TRUST,**

                   **Plaintiff**

**v.**

**ROBERT J. FABBRICATORE,
KATHERINE D. COURAGE, et al.,**

                   **Defendants**

**Chapter 11
Case No. 02-12873-PJW
(District of Delaware)**

**Adversary Proceeding
No. 05-1441-RS**

## ORDER

The Court hereby ORDERS as follows:

1.    In view of the Plaintiff's recent amendment of the complaint, the Court hereby denies without prejudice the following motions:

      a.    CTC Outside Directors' Motion to Dismiss All Claims Asserted Against Them in Complaint;

      b.    Motion by Carl Redfield to Dismiss All Claims Asserted Against Him in Complaint; and

      c.    Defendant UBS Paine Webber RMA's Motion to Dismiss the Complaint or, In the Alternative, For a More Definite Statement.

2.    On or before January 23, 2006, the defendants shall answer or otherwise respond to the Amended Complaint.  The Court will not entertain motions to dismiss filed after that date.

3.    On or before February 17, 2006, the Plaintiff shall respond to any motion to dismiss that is filed in accordance with paragraph 2 above.

4.    On or before March 3, 2006, the defendants may file reply briefs.

5.   The Court will set the motions for hearing only after they are filed.

6.   If, in a motions to dismiss filed in accordance with paragraph 2 above, a defendant asks the Court to dismiss certain counts on a basis other than lack of subject matter jurisdiction, then the Court will have to determine whether it has authority under 28 U.S.C. § 157(b) or (c)(2) to enter final orders on the counts in question, and not merely authority under § 157(c)(1) to enter proposed conclusions of law on such counts.  28 U.S.C. § 157(b)(3).  To that end, each defendant who is a proponent of such a motion shall in such motion, and the Plaintiff shall in its response to any such motion, state the following:

   a.   as to each count that is the subject of the motion, whether that count is a core proceeding at to each defendant and why;[1] and

   b.   whether the defendant (or the plaintiff, as the case may be) consents under 28 U.S.C. § 157(c)(2) to this Court's determining and entering appropriate orders and judgment as to any count that this Court may determine is not a core proceeding.  (Parties should answer this requirement even if they take the position that a particular count is a core proceeding.)

7.   Discovery is stayed pending adjudication of any motion to dismiss that is filed in accordance with paragraph 2 above.

8.   The Plaintiff shall promptly give notice of this order to all parties and file a certificate of such service.

Date: January 11, 2006

_Robert Somma_
Robert Somma
United States Bankruptcy Judge

cc:  Thomas G. Hoffman, Esq., for Plaintiff

---

[1]  With respect to a given count, each defendant need answer this requirement only insofar as the count in question concerns that defendant.  However, because a count may be core as to one defendant but non-core as to another, the Plaintiff should answer this question as to each defendant whom the count concerns.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

XL SPECIALTY INSURANCE
COMPANY,

                    Plaintiff,

v.                                                          CIVIL ACTION NO. 05-CV-10104 NMG

ROBERT J. FABBRICATORE,
KATHERINE D. COURAGE, HENRY
HERMANN, KEVIN NEE, KEVIN J.
MARONI, J. RICHARD MURPHY,
ROBERT NICHOLSON, MARK E.
NUNNELLY, CARL REDFIELD,
RICHARD J. SANTAGATI, RALPH C.
SILLARI, SCOTT M. SPERLING, and
RALPH S. TROUPE ,

                    Defendants.

## [PROPOSED] ORDER

The parties' Fourth Joint Motion to Stay Proceedings is hereby ***ALLOWED***.   This matter

will therefore by stayed; (i) pending resolution of the pending Motion to Dismiss All Claims

Asserted Against the Defendants in the Amended Complaint filed in the United States

Bankruptcy Court for the District of Massachusetts ("the Underlying Action"); or (ii) for a period

of 120 days from entry of this Order, whichever is earlier.  This stay will be automatically lifted

upon notice to this Court of a decision on the pending motion to dismiss or after 120 days,

whichever is earlier.  The Defendants shall file responsive pleadings or the parties shall file a

stipulation of dismissal, as appropriate, within twenty (20) days of the expiration of this stay.

Date: _____

                                        _____
                                        Hon. Nathaniel M. Gorton
                                        United States District Judge