# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-v-<br><br>ROBERT J. FABBRICATORE; KATHERINE D. COURAGE; HENRY HERMANN; KEVIN J. MARONI; J. RICHARD MURPHY; ROBERT NICHOLSON; CARL REDFIELD; RICHARD J. SANTAGATI; RALPH C. SILLARI; SCOTT M. SPERLING; RALPH S. TROUPE; and THOMAS FABBRICATORE,<br><br>Defendants. | CIVIL ACTION NO. 05-10104 NMG |

## NOTICE OF WAIVER OF SERVICE OF SUMMONS ON THOMAS FABBRICATORE

Pursuant to Fed. R. Civ. P. 4(d), Plaintiff, XL Specialty Insurance Company ("Plaintiff") hereby files this Notice of Waiver of Service.  Counsel for Defendant Thomas Fabbricatore waived service of process on behalf of Thomas Fabbricatore of the Summons and Second Amended Complaint in this case, attached hereto as Exhibit A.

Therefore, Plaintiff files this Notice of Waiver of Service in accordance with Fed. R. Civ. P. 4(d).

| | |
|---|---|
| June 14, 2007 | XL SPECIALTY INSURANCE COMPANY,<br>By its attorneys,<br><br> /s/ Gregory P. Deschenes<br>Deborah L. Thaxter (BBO# 495520)<br>Gregory P. Deschenes (BBO# 550830)<br>Michael L. Cornell (BBO# 651405)<br>NIXON PEABODY LLP<br>100 Summer Street<br>Boston, MA  02110<br>617.345.1000 (phone)<br>617.345.1300 (facsimile) |

10620709.1

Of counsel:

David H. Topol (admitted *pro hac vice*)
Cara Tseng Duffield
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C. 20006
202.719.7000 (phone)
202.719.7049 (facsimile)


### CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent on June 14, 2007, to those indicated as non-registered participants, and also to:

| | |
|---|---|
| Paul M. Glickman | Diane Harvey |
| Glickman Turley LLP | Weil Gotschal & Manges LLP |
| 250 Summer Street | 767 Fifth Avenue |
| Boston, MA 02110 | New York, NY 10153 |
| | |
| *Attorney for Robert J. Fabbricatore, Thomas Fabbricatore* | *Attorney for Scott M. Sperling, Katherine D. Courage* |

                                                   /s/ Gregory P. Deschenes
                                                   Gregory P. Deschenes

# EXHIBIT A

## WAIVER OF SERVICE OF SUMMONS

TO:   Gregory P. Deschenes
      Attorney for XL Specialty Insurance Company

I, Thomas Fabbricatore, acknowledge receipt of your request that I waive service of summons in the action of <u>XL Specialty Insurance Company v. Robert J. Fabbricatore, et al.</u>, which is case number 05-10104 NMG in the United States District Court for the District of Massachusetts.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after May 31, 2007.

_____    _____
       (Date)                              (Signature)

                    Print/Typed Name: _____

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

10601813.1