UNITED STATES DISTRICT COURT
DISTRICT MASSACHUSETTS

---

XL SPECIALTY INSURANCE COMPANY

        Plaintiff,

V.

ROBERT J. FABBRICATORE, KATHERINE D. COURAGE, HENRY HERMANN, KEVIN NEE, KEVIN J. MARONI, J. RICHARD MURPHY, ROBERT NICHOLSON, MARK E. NUNNELLY, CARL REDFIELD, RICHARD J. SANTAGATI, RALPH C. SILLARI, SCOTT M. SPERLING, THOMAS FABBRICATORE, and RALPH S. TROUPE
        Defendants.

CIVIL ACTION NO.
05 CV 10104 (NMG)

---

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ROBERT J. FABBRICATORE AND THOMAS FABBRICATORE TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

      Defendants Robert J. Fabbricatore and Thomas Fabbricatore (referred to herein as "Defendants"), by their undersigned attorney, hereby answer and state the following affirmative defenses in response to Plaintiff XL Specialty Insurance Company's Second Amended Complaint for Declaratory Judgment (the "Second Amended Complaint") as follows:

      The unnumbered introductory paragraph of the Second Amended Complaint contains Plaintiff's description of the cause of action to which no response is required. To the extent that this paragraph contains allegations against the Defendants, the Defendants deny such allegations.

## NATURE OF THE ACTION

1. Paragraph 1 of the Second Amended Complaint contains Plaintiff's description of the cause of action to which no response is required. To the extent that this paragraph contains allegations against the Defendants, the Defendants deny such allegations.

## JURISDICTION AND VENUE

2. Paragraph 2 states only legal conclusions and arguments to which responses are not required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Paragraph 3 states only legal conclusions and arguments to which responses are not required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Defendants admit that CTC is headquartered in Waltham, Massachusetts.

4. Paragraph 4 states only legal conclusions and arguments to which responses are not required. To the extent a response is response is required, Defendants deny the allegations in paragraph 4.

## PARTIES

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Defendants admit that Robert J. Fabbricatore is the founder and former CEO and Chairman of the Board for CTC. Defendants admit that Robert J. Fabbricatore maintains residences in Massachusetts and New Hampshire and deny the remainder of the allegations in paragraph 6.

--

7. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7.

8. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8.

9. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9.

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10.

11. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17.

18. Defendant Thomas Fabbricatore admits the allegations in paragraph 18.

--

## FACTUAL ALLEGATIONS

19.  The 2001 Policy (as that term is defined in the Second Amended Complaint) speaks for itself.  To the extent that Plaintiff's allegations in paragraph 19 are inconsistent with the 2001 Policy, Defendants deny those allegations.

20.  The 2002 Policy (as that term is defined in the Second Amended Complaint) speaks for itself.  To the extent that Plaintiff's allegations in paragraph 20 are inconsistent with the 2002 Policy, Defendants deny those allegations.

21.  The 2001 Policy speaks for itself.  To the extent that Plaintiff's allegations in paragraph 21 are inconsistent with the 2001 Policy, Defendants deny those allegations.

22.  The 2002 Policy speaks for itself.  To the extent that Plaintiff's allegations in paragraph 22 are inconsistent with the 2002 Policy, Defendants deny those allegations.

23.  The 2001 Policy speaks for itself.  To the extent that Plaintiff's allegations in paragraph 23 are inconsistent with the 2001 Policy, Defendants deny those allegations.

24.  The 2002 Policy speaks for itself.  To the extent that Plaintiff's allegations in paragraph 24 are inconsistent with the 2002 Policy, Defendants deny those allegations.

25.  The Policies (as that term is defined in the Second. Amended Complaint) speak for themselves.  To the extent that Plaintiff's allegations in paragraph 25 are inconsistent with the Policies, Defendants deny those allegations.

26. The Policies speak for themselves. To the extent that Plaintiff's allegations in paragraph 26 are inconsistent with the Policies, Defendants deny those allegations.

27.  The 2001 Policy speaks for itself. To the extent that Plaintiff's allegations in paragraph 27 are inconsistent with the 2001 Policy, Defendants deny those allegations.

--

28.     The 2002 Policy speaks for itself. To the extent that Plaintiff's allegations in paragraph 28 are inconsistent with the 2002 Policy, Defendants deny those allegations.

29.     The Policies speak for themselves. To the extent that Plaintiff's allegations in paragraph 29 are inconsistent with the Policies, Defendants deny those allegations.

**B.      The Underlying Action**

30.     Defendants admit the allegations in paragraph 30.

31.     Defendants admit the allegations in the first sentence of paragraph 31. Defendants deny the allegations in the second sentence of paragraph 31 as drafted.

32.     Defendants admit that the bankruptcy court confirmed the Plan (as that term is defined in the Second Amended Complaint) on November 20, 2003. The Plan speaks for itself. To the extent that Plaintiff's allegations in paragraph 32 are inconsistent with the Plan, Defendants deny those allegations.

33.     The Plan speaks for itself. To the extent that Plaintiff's allegations in paragraph 33 are inconsistent with the Plan, Defendants deny those allegations.

34.     Defendants admit the allegations in paragraph 34.

35.     The Underlying Action (as that term is defined in the Second Amended Complaint) speaks for itself. Defendants incorporate their Answers to the Underlying Action herein. To the extent that Plaintiff's allegations in paragraph 35 are inconsistent with the Defendants' Answers to the Underlying Action, Defendants deny those allegations.

36.     The Underlying Action speaks for itself. Defendants incorporate their Answers to the Underlying Action herein. To the extent that Plaintiff's allegations in paragraph 36 are inconsistent with the Defendants' Answers to the Underlying Action, Defendants deny those allegations.

--

37. The Underlying Action speaks for itself. Defendants incorporate their Answers to the Underlying Action herein. To the extent that Plaintiff's allegations in paragraph 37 are inconsistent with the Defendants' Answers to the Underlying Action, Defendants deny those allegations.

38. Defendants admit that the Litigation Trust (as that term is defined in the Second Amended Complaint) effected service of the Underlying Action upon the Defendants on or about December 7, 2004 or December 8, 2004.

39. Defendants admit the allegations in paragraph 39.

40. Defendants admit that XL Specialty identified the Prior Acts Exclusions and Insured versus Insured Exclusions as specific bars to coverage for the Underlying Action and that XL Specialty has advised the Defendants that coverage is precluded. Defendants deny that the Prior Act Exclusions and Insured versus Insured Exclusions preclude coverage for the Underlying Action.

41. Defendants admit that XL Specialty has identified certain terms and conditions listed in paragraph 41 as potentially restricting or eliminating coverage for portions of the Underlying Action. Defendants deny that those terms and conditions restrict or eliminate coverage for portions of the Underlying Action.

42. Defendants admit the allegations in paragraph 42.

43. Paragraph 43 states only legal conclusions and arguments to which responses are not required. To the extent a response is required, Defendants deny the allegations in paragraph 43.

--

## COUNT I
### Declaratory judgment (Prior Acts Exclusion)

44.     Defendants reallege and incorporate by reference their responses to paragraphs 1 through 43 as if set forth here in their entirety.

45.     The 2001 Policy speaks for itself.  To the extent that Plaintiff's allegations in paragraph 45 are inconsistent with the 2001 Policy, Defendants deny those allegations.

46.     The 2002 Policy speaks for itself.  To the extent that Plaintiff's allegations in paragraph 46 are inconsistent with the 2002 Policy, Defendants deny those allegations.

47.     The Underlying Action speaks for itself.  Defendants incorporate their Answers to the Underlying Action herein.  To the extent that Plaintiff's allegations in paragraph 47 are inconsistent with the Defendants' Answers to the Underlying Action, Defendants deny those allegations. The second sentence in paragraph 47 states only legal conclusions and arguments to which responses are not required. To the extent a response is required, Defendants deny the allegations in paragraph 47.

48.     The Underlying Action speaks for itself.  Defendants incorporate their Answers to the Underlying Action herein.  To the extent that Plaintiff's allegations in paragraph 48 are inconsistent with the Defendants' Answers to the Underlying Action, Defendants deny those allegations. The third sentence in paragraph 48 states only legal conclusions and arguments to which responses are not required. To the extent a response is required, Defendants deny the allegations in paragraph 48.

49.  Paragraph 49 states only legal conclusions and arguments to which responses are not required. To the extent a response is required, Defendants deny the allegations in paragraph 49.

--

## COUNT II
### Declaratory Judgment (Insured versus Insured Exclusion)

50.     Defendants reallege and incorporate by reference their responses to paragraphs 1 through 49 as if set forth here in their entirety.

51.     The 2001 Policy speaks for itself. To the extent that Plaintiff's allegations in paragraph 51 are inconsistent with the 2001 Policy, Defendants deny those allegations.

52.     The 2002 Policy speaks for itself. To the extent that Plaintiff's allegations in paragraph 52 are inconsistent with the 2002 Policy, Defendants deny those allegations.

53.     The Underlying Action and the Plan speak for themselves. Defendants incorporate their Answers to the Underlying Action herein. To the extent that Plaintiff's allegations in the first three sentences of paragraph 53 are inconsistent with the Defendants' Answers to the Underlying Action or the Plan, Defendants deny those allegations. The fourth sentence in paragraph 53 states only legal conclusions and arguments to which responses are not required. To the extent a response is required, Defendants deny the allegations in the fourth sentence of paragraph 53.

54.     Paragraph 54 states only legal conclusions and arguments to which responses are not required. To the extent a response is required, Defendants deny the allegations in paragraph 54.

55.     Paragraph 55 states only legal conclusions and arguments to which responses are not required. To the extent a response is required, Defendants deny the allegations in paragraph 55.

--

## COUNT III
### Declaratory judgment (Other Coverage Defenses)

56. Defendants reallege and incorporate by reference their responses to paragraphs 1 through 55 as if set forth here in their entirety.

57. Paragraph 57 states only legal conclusions and arguments to which responses are not required. To the extent a response is required, Defendants deny the allegations in paragraph 57.

58. Paragraph 58 states only legal conclusions and arguments to which responses are not required. To the extent a response is required, Defendants deny the allegations in paragraph 58.

59. Paragraph 59 states only legal conclusions and arguments to which responses are not required. To the extent a response is required, Defendants deny the allegations in paragraph 59.

WHEREFORE, the Defendants respectfully request that the Court deny all relief sought by the Plaintiff, enter judgment for the Defendants and against Plaintiff, award the Defendants their attorneys' fees and costs, and grant the Defendants such other and further relief as this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim as to which relief may be granted and, therefore, should be dismissed with prejudice.

--

## SECOND AFFIRMATIVE DEFENSE

Pursuant to FRCP 12(b)(3), Plaintiff's Second Amended Complaint should be dismissed for improper venue. The proper venue for Plaintiff's claims are the Bankruptcy Court of the United States District Court for the District of Massachusetts.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged claim is barred, in whole or in part, by the equitable doctrines of waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged claim is barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Defendants are entitled to coverage under the Policies for claims made by the Litigation Trust in the Underlying Action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief requested in its Second Amended Complaint because it has breached the terms of the Policies.

ROBERT J. FABBRICATORE and
THOMAS FABBRICATORE,

By their counsel,

/s/ Paul M. Glickman, Esq.
Paul M. Glickman (BBO#550840)
Glickman Turley LLP
250 Summer Street
Boston, MA 02110
(617) 399-7770

--